# Commonwealth v. Durham.

Aldermen of cities of the third class have no jurisdiction outside of the Ward for which they are commissioned, except by the request of the Mayor, or acting Mayor, where either are, for any reason, unable to act. The record of the Alderman should show a request of the Mayor, or that he was holding the Mayor's police court.

Aldermen are required severally to have and exercise within their respective wards, jurisdiction in the same manner as Justices of the Peace of this Commonwealth, and where the docket fails to give either the ward, city, county or state as the location of the Alderman's office, and does not show when the hearing took place, or the amount of bail the defendant was required to give, or that he was committed to jail in default of his failure to do so, the indictment will be quashed.

In order to sustain an indictment it is required that the transcript of a committing Magistrate, in criminal cases, should give the location of his office, and enter upon his docket the name, residence and occupation of all defendants, bail and witnesses.

Acts of February 22, 1802, 3 Sm. 490, June 21, 1839, March 19, 1860, Sec. 16, and May 16, 1901, Sec. 8, P. L. 240.

SUFFICIENCY OF TRANSCRIPT—JURISDICTION OF ALDERMEN—
ALDERMAN ACTING AS MAYOR.

Quarter Sessions of Delaware County.

Motion to quash indictment.

A. J. Williams, Esq., for rule, cited Rowland v. Com., 82 Pa., 405; Com. v. Kohle, 2 Kulp, 329; Com. v. Hunter, 13 Pa. C. C., 571; Com. v. Hughes, 11 Pa. C. C., 470, and Com. v. Moister, 3 Pa. C. C., 539.

Josiah Smith, District Attorney, contra.

JOHNSON, P. J.

December 30, 1901. The Court: The defendant was in-

Commonwealth v. Durham.

dicted for selling liquor without a license, tried and convicted.

Before trial a motion was made to quash the indictment on the ground that an Alderman of the Eighth ward of the City of Chester issued the warrant from an office in the Third ward, and that the hearing on which the defendant was bound over took place in the said Third ward.

These facts were admitted by the District Attorney.

The Aldermen of the City of Chester have no jurisdiction outside of the ward for which they are commissioned. They may, however, when requested by the Mayor (and he is unable to act) hold his police court.

There is no evidence before us or on the record of any request of the Mayor, or that this was the holding of the Mayor's police court—so that the single question is: Has an Alderman of the Eighth ward of the City of Chester power to issue process and hold his court in the Third ward?

The Act of Assembly of February 22d, 1802, provides that "no Justice of the Peace shall act as such unless he shall reside within the limits of the district for which he was commissioned." The Act of June 21st, 1839, provides "that during their continuance in office Justices of the Peace shall respectively keep their offices in the ward, borough or township for which they shall have been elected."

The Act of March 19th, 1860, relating to the City of Chester, provides that "Aldermen shall severally have and exercise within their respective wards jurisdiction in the same manner as the Justices of the Peace of the Commonwealth, etc."

It will thus be seen that the act of the Alderman was without authority—was not the exercise of any judicial function, and therefore void.

The transcript upon which the indictment was founded, except what is shown by the seal accompanying the certificate that the transcript is correct, merely sets forth that it is a "transcript from the docket of J. M. Stockman, Alderman," and fails to give either the ward, city, county or State as the loca-

Commonwealth v. Durham.

tion of the Alderman's office. It sets forth that the defendant is charged with selling liquor without a license, etc., but does not state where, whether in the State of Pennsylvania or out of it. It does not show when the hearing took place or the amount of bail the defendant was required to give, or that he was committed to jail in default of his failure to do so.

A memorandum is attached to the return containing a list of fees claimed, among which are the following: Rehearing, .50; twenty-one oaths, $2.00; commitment, .35; witness fees, $10.00. The transcript does not show any rehearing, does not show to whom the twenty-one oaths were administered, or that any were administered; does not show the issuing of any commitment, nor the names of any of the twenty persons to whom it is claimed witness fees are due.

The law requires all committing magistrates in criminal cases to enter upon their dockets the name, residence and occupation of all defendants, bail and witnesses.

This was not done. The transcript is not what the law requires, and would have been quashed upon application to the Court.

The evidence that the defendant sold liquor in violation of the law was overwhelming, and we are sorry to have to interfere with the verdict. However guilty he may appear to us to be he must be tried and convicted according to law. He has not been.

The motion to quash the indictment is sustained and defendant discharged.

Reported by H. J. Makiver, Esq.,
Media, Pa.